UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10738-HDV-MBK | Date | December 10, 2025 |
|---|---|---|---|
| Title | Rodolfo Fernandez Franco v. F. Guzman | | |

| Present: The Honorable | Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST AND GRANTING PETITIONER LEAVE TO FILE A MOTION TO STAY

## I. INTRODUCTION

Petitioner, Rodolpho Fernandez Franco, is a California state prisoner, in custody at Centinela State Prison. Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on December 12, 2024. Dkt. 1. Petitioner challenges his conviction on four grounds: 1) violation of his Sixth amendment right to an impartial jury resulting from three instances of juror misconduct in the course of his trial; 2) deprivation of his Fifth and Fourteenth Amendment rights resulting from the eighteen year delay between the alleged criminal acts and being charged; 3) violation of his Sixth Amendment rights by the trial court when it quashed his subpoena for a District Attorney, Minoui to appear for questioning; and 4) admission of a 9-1-1 call from an alleged victim, in lieu of her testifying, violated Petitioner's Sixth amendment rights. Dkt. 1 at 5-6. Respondent filed a Motion to Dismiss the Petition for failure to exhaust on April 11, 2025. Dkt. 10, 11. Following two extensions of time, Petitioner filed his response to the motion on August 28, 2025. Dkt. 15.

The Court concludes that the petition is subject to dismissal because Petitioner failed to fully exhaust his claims before the California Supreme Court. However, because Petitioner may be able to cure this deficiency, the Court grants Petitioner leave to file a motion to stay and hold the petition in abeyance while he exhausts his claims before the California courts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10738-HDV-MBK | Date | December 10, 2025 |
|---|---|---|---|
| Title | Rodolfo Fernandez Franco v. F. Guzman | | |

## II. DISCUSSION

Before a federal court may grant a state prisoner's petition for writ of habeas corpus under 18 U.S.C. § 2254, the petitioner must first exhaust their remedies in state court. "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents them to a federal court in a habeas petition." *O'sullivan v. Boerckel*, 26 U.S. 838, 842 (1999). Exhaustion requires the prisoner's claims and grounds for relief be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). To "fairly present" a federal claim to the state courts, the prisoner must describe both the operative facts and the precise federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam). The petitioner must present his claims, including their federal basis, to the highest state court with jurisdiction to consider them, or demonstrate that no state remedy remains available. *Peterson v. Lampert*, 319 F.3d 1153, 156 (9th Cir. 2003) (en banc). The petitioner bears the burden of showing compliance with the exhaustion requirement. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, Petitioner concedes that he failed to fully exhaust the claims he raises in this action before the California Supreme Court. Dkt. 1 at 3-5. It also does not appear that Petitioner filed a writ for petition of habeas corpus in state court after the California Supreme Court denied his petition for review. *Id.* His petition is therefore subject to dismissal for lack of exhaustion.

However, Petitioner is advised that a district court may, in its discretion, stay a completely unexhausted federal habeas petition, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *See Mena v. Long,* 813 F. 3d 907, 912 (2016). A *Rhines* stay is available only if: "(1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 455 U.S. at 278).

## IV. CONCLUSION

Because Petitioner's claims are unexhausted, his petition must be dismissed. However, Petitioner has not asked this Court to stay the action so that he may fairly present his claims for habeas corpus relief to the California Supreme Court. If Petitioner believes that he can show good cause for his failure to fully exhaust his claims in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10738-HDV-MBK | Date | December 10, 2025 |
|---|---|---|---|
| Title | Rodolfo Fernandez Franco v. F. Guzman | | |

California Supreme Court, Petitioner may file a motion for Stay and Abeyance upon a showing that (1) he has good cause for having failed to first exhaust the claims in state court; (2) the claims at issue are not plainly meritless; and (3) he has not been dilatory in pursuing the litigation. *Rhines,* 544 U.S. at 277-78. Petitioner must file that Motion no later than **January 9, 2026**.

**If Petitioner does not file a Motion for Stay and Abeyance by that deadline, the Court will issue a Report and Recommendation recommending that the Petition be dismissed without prejudice for failure to exhaust. Additionally, the failure to file a timely response may result in a recommendation that the action be dismissed with prejudice for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**